129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvert L. STANGER, Plaintiff-Appellant,
v.
Richard VERNON, Director of Prisons; Jim Spaulding,
Director of Prisons; Lisa Cates, Warden, ISCI; Harold W.
Hatten, Doctor; B.H. Delaplain; Jim Hope, Former Warden
ICIO; Maurice Masar, Doctor; William F. Hall; John Beeh;
Steve Stedtfelt, Medical Director IDOC, Defendants-Appellees.
 No. 97-35125.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the District of Idaho, No. CV-95-0042-EJL; Edward J. Lodge, Chief Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Idaho state prisoner Calvert L. Stanger appeals pro se the district court's summary judgment: in favor of state prison officials and medical staff in his civil rights action alleging deliberate indifference to his serious medical needs in their diagnosis and treatment of his diabetes.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de nova, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm in part and reverse in part.
 
 
 4
 For the reasons set forth in the district court's November 26, 1995 order, the district court correctly found that Stanger's deliberate indifference claims related to the diagnosis and treatment of his diabetes in 1991 and 1992 were barred by the statute of limitations, and that Stanger failed to establish a claim under the Americans with Disabilities Act.
 
 
 5
 The district court did not abuse its discretion by denying Stanger's request for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (counsel may be appointed only in exceptional circumstances).
 
 
 6
 However, because Stanger raised a material question of fact as to whether defendants' refusal for more than a year to give him proper footwear constituted deliberate indifference to his serious medical needs, and whether the delay caused him substantial harm, the district court erred by granting summary judgment on that issue. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (officials violate Eighth Amendment by delaying or interfering with medical treatment); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam) (delay must cause harm).
 
 
 7
 We also reverse the district court's grant of qualified immunity on Stanger's footwear claim. Stanger's right to be free from deliberate indifference to his serious medical needs was clearly established during the time defendants denied his requests for proper footwear. See Estelle, 429 U.S. at 104-05. Considering plaintiff's allegations, we cannot say that a reasonable official could believe that it was reasonable to deny Stanger proper footwear. See ACT UP!/Portland v. Bagley, 988 F.2d 868, 872 (9th Cir.1993); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Stanger did not waive his objection to the magistrate judge's qualified immunity ruling. Failure to object to a magistrate's conclusions of law does not automatically bar raising the objection on appeal, particularly where, as here, appellant raised the issue in his opening brief, and appellees fully addressed the issue. See FDIC v. Zook Bros. Constr. Co., 973 F.2d 1448, 1450 n. 2 (9th Cir.1992); cf. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.1991.) (waiver appropriate where party failed to object until reply brief, appellee was misled, and issue was not properly briefed).
 
 
 8
 As to Stanger's remaining claims that the medical treatment defendants provided violated his constitutional rights, we affirm for the reasons stated in the district court's order.
 
 
 9
 Because Stanger failed to show how additional discovery would have precluded summary judgment on those claims that we affirm here, the district court did not abuse its discretion by granting summary judgment without allowing Stanger to conduct further discovery. See Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir.1994).[1]
 
 
 10
 Each party shall bear its own costs on appeal.
 
 
 11
 REVERSED and REMANDED in part, AFFIRMED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On remand, the district court should allow Stanger to engage in complete discovery on the footwear issue. After a review of the record, we find that Stanger's remaining contentions lack merit