**Kenneth SKEENS, Petitioner–Appellant,**

v.

**Thomas HASKINS, Warden, Respondent–Appellee.**

**No. 99–4250.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

Pro se Ohio prisoner Kenneth Skeens appeals a district court judgment that dismissed his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In May 1995, an Ohio jury convicted Skeens of aggravated robbery with the use of a firearm. He was sentenced to 10 to 25 years of imprisonment for the robbery and a consecutive three years of imprisonment for the firearm specification. Skeens's convictions were affirmed on direct appeal and the Ohio Supreme Court denied review.

In July 1998, Skeens filed the instant 28 U.S.C. § 2254 petition. Skeens claimed that: (1) the trial court was prejudiced against him, (2) the trial court's failure to have subpoenas served violated his constitutional rights, and (3) he was denied his right to testify on his own behalf. The district court denied Skeens's § 2254 petition but certified that an appeal would be taken in good faith. The district court granted Skeens a certificate of appealability ("COA") on Skeens's third issue. This court denied a COA as to enumerated issues one and two but ordered that the parties submit briefs as to the third issue.

In his timely appeal, Skeens argues that the district court erred in applying the harmless-error test to his claim that the trial court violated his constitutional right to testify in his own defense. Both parties have filed briefs.

In habeas corpus actions, we review a district court's legal conclusions de novo and its factual findings for clear error. *See Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). A district court's judgment will be affirmed unless the record reflects an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(d)(1)-(2).

■ The state court's decision was not contrary to federal law and was not unreasonable in the light of the evidence presented at Skeens's trial. After both sides had rested and immediately before the prosecutor began his closing argument, Skeens—who had been silent on the matter—asked to testify. The trial court denied his request; the jury returned a guilty verdict; and the Ohio court of appeals affirmed the conviction, concluding that any error engendered by the denial of Skeens's right to testify was harmless beyond a reasonable doubt under the test of *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), because of the overwhelming evidence of Skeens's

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

guilt. The trial evidence supports this conclusion.

■ The state appellate court and the district court assumed, without deciding, that Skeens's right to testify on his own behalf was violated. "[A] criminal defendant has a fundamental constitutional right to testify on his own behalf." *Neuman v. Rivers*, 125 F.3d 315, 318 (6th Cir.1997) (quoting *Rock v. Arkansas*, 483 U.S. 44, 51–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). Nevertheless, the right to testify on one's own behalf may be limited "to accommodate other legitimate interests in the criminal trial process" that are not "arbitrary or disproportionate to the purpose they are designed to serve." *Id.* A rule generally limiting testimony to the evidence-taking phase of trial is not "arbitrary or disproportionate to the purpose [it is] designed to serve." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir.1989) (citing *Rock*, 483 U.S. at 56) (alteration in original). "While placing only a minor limitation on the right [to testify], the rule promotes both fairness and order in trials, interests which, of course, are crucial to the legitimacy of the trial process." *Id.* As in the instant case, *Jones* involved a defendant who had not asserted his right to testify until after the close of the evidence-taking stage of the trial but before the case had been argued or sent to the jury. *Id.* at 60 n. 5. The Eighth Circuit upheld the district court's decision not to allow the defendant to testify. Thus, it is not clear that the trial court erred in denying Skeens the right to testify after the close of evidence. Yet, we need not decide this issue today, as it is clear that any error was harmless.

■ Skeens's contention that the district court improperly applied the harmless-error test to his case is without merit. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.1991); *Ortega v. O'Leary*, 843 F.2d 258, 260–63 (7th Cir.1988); *Wright v. Estelle*, 549 F.2d 971, 974 (5th Cir.1977). Because the state appellate court properly applied the harmless-error test of *Chapman* to Skeens's claim on direct review, federal review is limited to the harmless-error standard of *Brecht.* As the Supreme Court noted in *Brecht*, "[o]verturning final and presumptively correct convictions on collateral review because the State cannot prove that an error is harmless under *Chapman* undermines the States' interest in finality and infringes upon their sovereignty over criminal matters." *Brecht*, 507 U.S. at 637.

Skeens's argument that his championed error was "structural error" is without merit. Most errors do not automatically render a trial unfair and thus, can be harmless. *See Arizona v. Fulminante*, 499 U.S. 279, 306, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). In *Fulminante*, the Court enumerated the wide variety of constitutional errors subject to harmless-error analysis. *Id.* at 306–07. Indeed, "if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis." *Rose v. Clark*, 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). Skeens's contention does not overcome this presumption.

Accordingly, we affirm the dismissal of Skeens's petition. Rule 34(j)(2)(C), Rules of the Sixth Circuit.