**Gilbert B. MARTINEZ, Petitioner–Appellee,**

v.

**Eddie YLST, Superintendent, California Medical Facility South, Respondent–Appellant.**

No. 89–15940.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1991.

Decided Dec. 24, 1991.

Ward A. Campbell, and Anthony L. Dicce, Deputy Attys. Gen., Sacramento, Cal., for respondent-appellant.

Glenn M. Kottcamp, Nevada City, Cal., for petitioner-appellee.

Before TANG, REINHARDT and TROTT, Circuit Judges.

REINHARDT, Circuit Judge:

In 1983, Gilbert Martinez was tried in state court and convicted of numerous pizza parlor robberies. During the pretrial

proceedings, the prosecution indicated that, should the defendant testify, it would seek to introduce as impeachment evidence the defendant's two prior felony convictions for murder and assault with a deadly weapon. The defendant moved *in limine* to prevent the introduction of the impeachment evidence. In denying the motion, the trial court held that it did not have discretion under California's recently enacted Proposition 8 to exclude the prior convictions if the defendant chose to testify. Thus, it did not weigh the factors traditionally considered by courts. Rather than face the admission of such prejudicial evidence, the defendant decided not to take the stand.

On appeal, the California Court of Appeal, following *People v. Smith*, 34 Cal.3d 251, 193 Cal.Rptr. 692, 667 P.2d 149 (1983), held that the trial court erred in applying Proposition 8 retroactively. The court of appeal held that under the rules applicable to trials of crimes committed prior to the passage of Proposition 8, the prior convictions were not admissible. However, the court declined to reverse Martinez's convictions because it found the error harmless under state law, stating that it was not "reasonably probable a more favorable result would have been reached in the absence of the error." The California Supreme Court denied review.

Martinez then filed a petition for habeas corpus in federal court in which he renewed his claim. The petition was referred to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B) (1988). The magistrate determined that the state had committed a constitutional error under *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). Accordingly, he applied the stringent harmless error standard of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967): "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.* at 24, 87 S.Ct. at 828. However, the magistrate concluded that even under the *Chapman* standard, the error was harmless.

The magistrate's report (served on all the parties) contained notice that any objections to the findings and recommendations were required to be filed within thirty days. Martinez timely filed objections, among which was his claim that, although the magistrate had applied the proper harmless error standard, he had reached the wrong result. In short, Martinez argued that the error was not harmless under *Chapman*. The state did not file any objections, and did not challenge the finding of constitutional error or the application of the *Chapman* standard.

The district court reviewed the magistrate's decision de novo. It agreed that constitutional error had occurred, but disagreed with the magistrate's conclusion that the error was harmless. On the contrary, it found that the error was *not* harmless beyond a reasonable doubt and granted in part the writ of habeas corpus.

The petitioner moved in this court for release pending review of the district court order. That motion was denied. The petitioner then filed a motion in state court for resentencing. The state did not seek a stay of the district court order under the Federal Rules of Appellate Procedure. The state court granted the petitioner's motion and reduced his sentence in accordance with the district court order; petitioner was paroled on January 11, 1991.

The state appealed the district court's order in a timely manner but did not file its opening brief until more than one year afterwards. In that brief, the state did not raise as a claim of error or as a point on appeal the district court's (or the magistrate's) finding that the state trial court had committed constitutional error. Instead, the state argued only that the district court had erred when it disagreed with the magistrate and found the error not to be harmless. The state argued expressly that the single issue presented for review was whether the denial of the petitioner's right to testify "amounted to harmless error."[1] Its argument heading was

---

1. *See* Fed.R.App.P. 28(a)(2) (appellant's opening brief shall contain a "statement of the issues presented for review").

that "the district court order finding that error in petitioner's state trial was not harmless error must be reversed."[2] At no point does the state suggest that habeas relief should be denied on the basis that there was no constitutional violation or that the district court's finding of constitutional error should be overturned. It urges us instead to rule solely on the question whether the (constitutional) error was harmless and in doing so to apply a different standard than was used by the magistrate and the district court.

That the state failed to raise the issue of whether *constitutional* error was committed is clear from one inescapable fact. At no point in its opening brief did the state argue that we should dismiss the petition because the error was not federal in nature and therefore not cognizable on a writ of habeas corpus. Habeas corpus relief is only available for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (1988); *see also*, 28 U.S.C. § 2241(c) (1988). By requesting that we determine whether the error was harmless, the state—wittingly or unwittingly—asked us to proceed on the basis that the error was constitutional.[3]

Martinez's brief responded to the state's harmless error argument, but understandably did not address the point not raised by the state in its brief on appeal—the district court's finding that the error was constitutional. The appellee's brief like the state's only analyzed the question whether the error was harmless.

Then, in its reply brief, the state for the first time advanced the new argument—that the trial court's error was not cognizable on federal habeas corpus. The issue is a potentially complex and difficult one on which there has been essentially no briefing. Based on a number of considerations, we conclude that the state has waived its right to review of that issue. Accordingly, we do not consider whether the district court erred in finding constitutional error. *Cf. Ames v. Endell*, 856 F.2d 1441, 1444 (9th Cir.1988) (holding that failure to raise the issue of exhaustion in the district court barred the state from raising it on appeal); *Grooms v. Keeney*, 826 F.2d 883, 885 (9th Cir.1987) (holding that the state's failure to object to the procedural default at the district court level constituted waiver).

First, the state failed to object to the magistrate's findings. Since the finding of constitutional error constituted a determination of law, which is reviewed de novo by both the district court and the court of appeals, the failure to object would not, standing alone, ordinarily constitute a waiver of the issue. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.1983). However, such a failure is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal. *See McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir.1980), *cert. denied*, 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981).[4]

Second, the state failed to raise the issue until its reply brief. This failure

---

**2.** In the second to last paragraph of its brief, while still arguing its single point that the error was harmless, the government does state in passing that the error was not of constitutional dimension. However, all the state is urging in this paragraph is that the appropriate standard for determining whether the error that occurred was harmless is "may have had a substantial influence on the outcome of the trial" rather than "beyond a reasonable doubt."

**3.** Neither the petitioner nor the state has alleged that the state court violated federal statutory or common law.

**4.** It has been suggested that under a strict reading of *McCall* a failure to object would *automatically* constitute a waiver. *See Greenhow v.*

*Secretary of Health & Human Servs.*, 863 F.2d 633, 635 (9th Cir.1988). Such a reading seems to ignore the finding in *McCall* that the appellant had failed both to object to the magistrate's finding and to raise the issue until his reply brief. 628 F.2d at 1187. (Furthermore, the *McCall* court actually decided the issues supposedly waived by the appellant.) We read *McCall* as standing for the proposition that a failure to object is a factor to be considered in determining waiver but is not necessarily dispositive. In any case, *Greenhow* ultimately applies the rule in *Britt*—failure to object without more will not ordinarily constitute waiver. 863 F.2d at 636. The rule we have stated is thus consistent with the holdings of *McCall*, *Britt*, and *Greenhow*.

clearly misled the appellee. As a result, the issue was not properly briefed. Failure to raise or brief an issue in a timely fashion may constitute waiver of the issue on appeal. *See In re Riverside–Linden Investment Co.*, 945 F.2d 320, 324–25 (9th Cir. 1991).

■ Where a party has failed both to object to a magistrate's finding and to raise the issue until its reply brief in the appellate court, with the result that the issue is not adequately explored, waiver is appropriate unless there are circumstances suggesting that it will work a substantial inequity. *Cf. McCall*, 628 F.2d at 1187 (finding waiver where the appellant failed both to object to the magistrate's findings and to raise the issue in his opening brief). Far from working an inequity, waiver in this case is necessary in order to *prevent* inequity. The state was more than a year late in filing its opening brief in this court. During the delay the petitioner's circumstances were materially altered by the reduction in his sentence and his subsequent release. Under these circumstances, we find no reason to grant the state an exemption from the general waiver rule. Accordingly, we decline to review the district court's conclusion that the error in the trial court was of constitutional dimension.

■ The issue the state has actually appealed to us is whether the district court erred in finding that the error was not harmless. Because the district court concluded that the state trial court's error was of constitutional dimension (and the state has not appealed that finding), we must reverse unless the state can demonstrate that the error was harmless beyond a reasonable doubt. *See Chapman*, 386 U.S. at 24, 87 S.Ct. at 828. Thus, we apply the same rule as did the district court and the magistrate.

■ Martinez intended to testify that he had committed some but not all of the robberies. After reviewing the entire record, we cannot say beyond a reasonable doubt that the jury would not have found his testimony credible. As a general matter, it is only the most extraordinary of trials in which a denial of the defendant's right to testify can be said to be harmless beyond a reasonable doubt. *See Luce v. United States*, 469 U.S. 38, 42, 105 S.Ct. 460, 463–64, 83 L.Ed.2d 443 (1984) ("[An] appellate court [cannot] logically term 'harmless' an error that presumptively kept the defendant from testifying.").[5] Further, Martinez's intended testimony might appear to a jury to have the indicia of credibility—particularly the fact that he intended to admit to some of the robberies. Finally, the state's case was not so overwhelming as to render his testimony incredible. Indeed, even without his testimony, Martinez was acquitted of the Big Cheese Pizza robbery, and we cannot say that the evidence in the other robberies was so much weightier that there is not even a reasonable doubt whether the jury might have believed Martinez with respect to the robberies he denied committing.

Accordingly, we affirm the order of the district court granting in part the writ of habeas corpus.

AFFIRMED.

---

5. We note that, contrary to the State's assertion, the procedural rule created by *Luce* has no application in this case. *Luce* held that, because it is so difficult to find that a denial of the defendant's right to testify is harmless beyond a reasonable doubt, Fed.R.Evid. 609 requires a defendant to testify in order to challenge an *in limine* ruling regarding the admission of impeachment testimony. At the time of Martinez's decision not to testify, California had no such procedural requirement, and we will not impose one retroactively. *See United States v. Givens*, 767 F.2d 574 (9th Cir.1985), *cert. denied*, 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985). Thus, *Luce* does not bar Martinez's habeas petition.