131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ishmael Ali MUHAMMAD, Plaintiff-Appellant,
v.
P. GYUNN, Lieutenant FSP; T. Martinez, Correctional
Sergeant; E. Ulm, Correctional Officer at FSP; B.
Petersen, Artist Facilitator, Arts in Corrections Program;
K. Larson, Correctional Officer; D. Kudo, Correctional
Officer; Lt. Morris; Sgt. Bickford; Correctional Officer
Jauregai; Correctional Officer M. Tristan; Correctional
Officer D. Tidwell, Defendants-Appellees.
 No. 97-15473.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court, for the Eastern District of California, No. CV-92-01214-WBS; William B. Shubb, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ishmael Ali Muhammad, a California state prisoner, appeals pro se the district court's summary judgment for defendant correctional officers in his 42 U.S.C. § 1983 action alleging violations of the Due Process and Equal Protection Clauses.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1993) (per curiam), and affirm.
 
 
 3
 Muhammad contends that his due process rights were violated by procedural irregularities in disciplinary action taken against him after sexually explicit materials were confiscated from his work station. He also contends that defendant Peterson violated his due process rights when he erased state-owned computer disks containing Muhammad's sexually explicit novel. These contentions lack merit.
 
 
 4
 Because the disciplinary actions taken against Muhammad neither "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" nor "inevitably affect the duration of his sentence," there was no liberty interest upon which his due process claims could be predicated. See Sandin v. Conner, 515 U.S. 472, 486, 487 (1995).[2]
 
 
 5
 Muhammad's contention that he was deprived of his property interest in the contents of the erased disks without due process of law was properly dismissed because California law provides an adequate post-deprivation remedy. See Barnett, 31 F.3d at 816; see also Cal.Gov't Code §§ 810-895.
 
 
 6
 Muhammad also contends that defendants violated his right to equal protection by disciplining him when he had not violated any rules or regulations. Muhammad introduced no evidence that he was treated differently than other similarly situated inmates.
 
 
 7
 Because there was no genuine issue of material fact as to Muhammad's due process and equal protection claims, the district court did not err by granting summary judgment for defendants. See Barnett, 31 F.3d at 815.[3]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Muhammad fails to raise in his opening brief his First Amendment and Fourth Amendment claims, as well as all other claims arising from incidents not directly related to the confiscation of sexually explicit materials, we do not address them here. See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.1991)
 
 
 [2]
 Because we conclude that there was no liberty interest, we do not decide whether the alleged procedural irregularities constituted due process violations
 
 
 [3]
 Because of our disposition of this appeal we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal