133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randle Lee DUGGER, II, Petitioner-Appellant,
v.
Theo WHITE; Attorney General for the State of California,
Respondents-Appellees.
 No. 96-16473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sep. 22, 1997.**
Jan. 12, 1998.
 
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 ORDER
 
 1
 The court sua sponte recalls the mandate. Because of a clerical error, the wrong memorandum opinion was entered on September 24, 1997. That memorandum is withdrawn. An new memorandum opinion shall be filed in its stead. Appellee's pending motion to recall the mandate and for leave to file a late petition for review is denied as unnecessary.
 
 
 2
 MEMORANDUM*
 
 
 3
 Randle Lee Dugger, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state conviction and sentence. Dugger contends that he received ineffective assistance of counsel, that the district court committed several errors in its handling of his two motions for substitute counsel, and that the district court improperly ruled on Dugger's competency without a jury trial on the issue. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 
 4
 In order to prevail on a claim of ineffective assistance of counsel based on conflict of interest, Dugger must show both that his counsel actively represented conflicting interests, and that an actual conflict of interest adversely affected his attorney's performance. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Although Dugger alleged sufficient facts showing a conflict and breakdown of communication between himself and his attorney of record, he failed to show that the conflict affected the performance of his counsel. Accordingly, this claim is without merit.
 
 
 5
 Dugger contends that the trial court erred in its rulings on his two motions for substitute counsel. We consider three factors when reviewing the denial of a motion for substitute counsel: "(1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that is resulted in a total lack of communication preventing an adequate defense." See United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990) (internal quotation marks omitted). Upon review of the record, we conclude that the trial court did not err by denying Dugger substitute counsel.
 
 
 6
 Dugger contends that he received ineffective assistance from his appellate counsel. He identifies eight areas in which his appellate counsel's performance was allegedly deficient. Dugger argues that his appellate counsel provided ineffective assistance in his failure to obtain certain transcripts, failure to obtain a copy of a previous attorney's motion to withdraw, and failure to obtain a copy of a previous attorney's declaration. However, Dugger does not explain in what manner the absence of these documents prejudiced his appeal. Accordingly, these claims are without merit. See Strickland v. Washington, 466 U.S. 668, 697 (1984); see also Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995) ("conclusory suggestions that [a defendant's] trial and state appellate counsel provided ineffective assistance fall far short of stating a valid claim of constitutional violation.") (cert. denied, 116 S.Ct. 1437 (1996).
 
 
 7
 Dugger contends that his appellate counsel erred by arguing that Dugger should not have been subject to a competency hearing at his trial, and by making an ineffective argument regarding Dugger's right to a speedy trial. Digger failed to identify any prejudice which resulted from these alleged instances of misconduct. Accordingly, these claims are without merit. See Strickland, 466 U.S. at 687; see also Jones, 66 F.3d at 205.
 
 
 8
 Dugger also contends that his appellate counsel erred by failing to argue that Dugger's three misdemeanor convictions could have been dismissed for lack of a speedy trial even without a showing of prejudice. Because the appellate court found that Dugger's right to a speedy trial had not been violated, any argument by Dugger's appellate counsel that Dugger's misdemeanor convictions should be dismissed would have been ineffectual. Accordingly, this claim fails because Dugger fails to show prejudice. See Strickland, 466 U.S at 687.
 
 
 9
 Dugger contends that his appellate counsel was ineffective because he did not argue that Dugger's trial counsel was ineffective in using an election argument in Dugger's defense. Dugger provides no indication of what other defense available to him, if any would have been more effective. Dugger's mere conclusory allegation of failure to raise other defenses, unsupported by a statement of specific facts, does not warrant habeas relief. See James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).
 
 
 10
 Dugger contends that his appellate counsel was ineffective because he failed to raise Dugger's arguments regarding ineffective assistance of his trial counsel. In light of our ruling on Dugger's claim of ineffective assistance of trial counsel claim, this contention lacks merit.
 
 
 11
 Finally, Dugger contends that he was denied his constitutional right to a competency hearing by an impartial judge, and that the court violated his due process rights by allegedly deciding the issue of his competency without Dugger having waived his right to a jury trial on that issue. Although he lists both of these claims as "grounds for relief," Dugger provides no discussion of either of these claims in his opening brief. Because failure to brief an issue in a timely fashion may constitute waiver of the issue on appeal, we deem these claims waived. See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.1991).
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3