Judith A. FOSTER, Plaintiff–Appellant,

v.

State of NEVADA, Department Motor Vehicles & Public Safety; Division of Parole & Probation; Richard E. Wyett, Defendants–Appellees.

No. 00–15491.

D.C. No. CV–97–00611–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Nov. 21, 2001.

Before SNEED, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Judith Foster ("Foster") appeals the district court's grant of summary judgment in favor of her former employer, the State of Nevada Department of Motor Vehicles and Public Safety ("DMV"). Pursuant to 28 U.S.C. § 1291, we have jurisdiction over Foster's timely appeal, and we affirm the district court's decision.

## STANDARD OF REVIEW

■ We review the district court's grant of summary judgment de novo. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997). Viewing the evidence in the light most favorable to Foster, we must determine whether there exist any genuine issues of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A mere "scintilla of evidence" will not suffice to defeat a properly supported motion for summary judgment, *id.* at 252, 106 S.Ct. 2505; rather, Foster must introduce "significant probative evidence" supporting her complaint. *Id.* at 249, 106 S.Ct. 2505 (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

## DISCUSSION

### I APPLICABLE LIMITATIONS PERIOD

■ On appeal, Foster disputes the magistrate's and district court's calculation

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the applicable limitations period. Yet Foster failed to object when the magistrate determined the limitations period, and she did not question the limitations period before the district court. Hence, we will not endeavor to reexamine the limitations period on appeal. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir.1991); *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.1983).

## II HOSTILE WORK ENVIRONMENT

■ Foster alleges she was subject to a hostile work environment that continued after her last day at work. A hostile work environment exists if: (1) a person is subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (2) the conduct is unwelcome; and (3) the conduct is sufficiently severe or pervasive to alter the conditions of the victim's employment. *See Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir.1991).

■ A hostile work environment claim may proceed on the theory that a series of acts is related as part of a continuous violation. *See Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998). Under this theory, events occurring outside the limitations period may support a hostile work environment claim so long as those events are part of an ongoing pattern of unlawful employment practices that continues into the relevant limitations period. *See Fielder v. UAL Corp.*, 218 F.3d 973, 985 (9th Cir.2000). Therefore, to establish a continuing violation, one must demonstrate an overt or discrete anchoring event of discrimination occurring within the limitations period. *See Hashimoto v. Dalton*, 118 F.3d 671, 679 (9th Cir.1997). Sufficient overt discriminatory acts include a refusal to transfer, *see Fielder*, 218 F.3d at 986–87, a confrontation in the workplace, *see Draper*, 147 F.3d at 1109, the refusal of medical leave or benefits, the dissemination of poor references, or discharge. *See Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1481 (9th Cir.1989).

### A. *Transfer Order*

■ Foster cannot demonstrate a discrete discriminatory act to anchor her hostile work environment claims within the limitations period because she abandoned her job and the allegedly hostile work environment that existed there before the limitations period began. Foster maintains that a retaliatory transfer order, which remained in effect after her last day at work, suffices as an anchoring event.

■ Although an adverse post-employment action, such as disseminating a "negative job reference," can be considered retaliatory, *Hashimoto*, 118 F.3d at 674, in this case, no evidence suggests that the transfer order remained in effect after Foster left the workplace. Foster adduces no documentation and alleges no conversations with DMV employees or supervisors that informed her the transfer order remained in effect. Instead, consonant with DMV Deputy Director, Raymond Sparks's promise not to transfer Foster until an investigation was complete, the effective date of the transfer order came and went with no action. In fact, Patricia Davis ("Davis") replaced Foster two weeks after the transfer was supposedly effective and was not transferred to the Central Office. Rather, Davis was assigned to Foster's office and worked at Foster's desk for several months.

■ In addition, even if Foster could show the transfer order remained in effect, it would not suffice as a discrete discriminatory act to anchor her Title VII claims because the transfer order had not yet been implemented and was subject to modification. In *Brooks v. City of San Mateo*, an employee alleged that a poor employ-

ment evaluation constituted a discrete retaliatory act. 229 F.3d 917 (9th Cir.2000). The employee formally objected to the evaluation, but abandoned her job while the challenge was pending. *See id.* at 922. We held that the evaluation "was not an adverse employment action because it was subject to modification by the city," and hence, "not sufficiently final to constitute an adverse employment action." *Id.* at 929–30.

Like the plaintiff in *Brooks,* Foster left her job during the investigation that could have modified the transfer order. As it stands, the transfer order was never implemented. It remained subject to modification and, like the challenged negative evaluation in *Brooks,* was "not sufficiently final" to constitute a discrete retaliatory act. *Id.* at 930. Accordingly, the transfer order does not suffice to anchor Foster's claims.

### B. *The Mere Presence of Wyett*

 In the alternative, Foster asks us to conclude that Richard Wyett's ("Wyett") "mere presence" in the workplace during the limitations period is sufficient to anchor her hostile work environment claims.[1] Yet Foster's case does not present this issue because a necessary precondition to asserting the "mere presence" of a harasser as an anchor for a hostile work environment claim must be some interaction between the victim and the harasser in the workplace during the limitations period. *Ellison,* 924 F.2d at 883 n. 19 (holding hostile work environment created by the mere presence of a harasser ends when the harasser is removed from the workplace). Here, however, Foster left her employment at DMV before the

limitations period began, and she was never again in Wyett's presence. They ceased to interact entirely; Foster neither spoke with nor saw Wyett after that date, and any allegedly hostile work environment that Wyett previously created ceased to exist.

As Foster was not in Wyett's presence at any time during the limitations period, she cannot rely upon Wyett's mere presence to anchor her claims. Finding no event to anchor Foster's Title VII claims, we affirm the district court's decision.

AFFIRMED

---

1. In *Fielder,* we recognized that a hostile work environment is "ambient and persistent," and as such, we considered, without deciding, whether the "mere presence" of a harasser in the workplace could suffice as an anchor for the purposes of continuous violation claims. 218 F.3d at 986; *see also Draper,* 147 F.3d at 1108 n. 1. Foster's case does not demand that we answer this question, and thus, we again reserve it for another day.