Leonel MARIN–TORRES,
Plaintiff—Appellant,

v.

State of WASHINGTON; John Does;
King County; King County Sheriff's
Department, Defendants—Appellees.

No. 04–36140.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed Aug. 4, 2006.

Leonel Marin–Torres, Walla Walla, WA, pro se.

Steven P. Lehotsky, Esq., Wilmer Cutler Pickering Hale & Dorr, LLP, Boston, MA, for Plaintiff–Appellant.

Timothy M. Blood, Esq., King County Prosecuting Attorney's Office, Civil Division/Tort Section, Seattle, WA, for Defendants–Appellees.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

MEMORANDUM *

Leonel Marín–Torres appeals the district court's dismissal of his action pursuant to 42 U.S.C. § 1983 against King County, Washington and the King County Sheriff's Department (collectively, "King County"), as well as against unnamed defendants who are employees of King County ("John Does"). We reverse in part and affirm in part.

Marín–Torres did not waive his right to appeal the district court's decision by failing to object to the magistrate judge's report and recommendation. Because Marín–Torres appeals the district court's dismissal of his complaint, a question of law, and the grant of summary judgment, a mixed question of law and fact, his failure to object does not necessarily constitute waiver. *See Jones v. Wood,* 207 F.3d 557, 562 n. 2 (9th Cir. 2000); *see also Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir.1991). Marín–Torres's opening brief addressed all arguments of this appeal; thus, there is no risk that the opposing parties are at a disadvantage because the issues were "not adequately explored." *See Martinez,* 951 F.2d at 1157. Accordingly, we hold that Marín–Torres did not waive his right to appeal.

The district court erred in dismissing with prejudice the claims against the John Does. "[W]here the identity of alleged defendants will not be known prior to the filing of the complaint[,] ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980). Dismissal with prejudice for failure to identify unnamed defendants is appropriate only if "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.; see also Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir.1999). Here, discovery uncovered the identities of several individuals who could potentially be named as defendants consistent with Rule 11, so that granting leave to amend would not be futile. *See* Fed.R.Civ.P. 11. Marín–Torres could amend the complaint to identify at a minimum those individuals as defendants. We remand to the district court with instructions that Marín–Torres be granted leave to file a Second Amended Complaint, after further discovery if such be necessary in the district court's discretion. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.,* 268 F.3d 1133, 1137–38 (9th Cir. 2001).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Marín–Torres did not waive his claim against King County by failing to present to the district court the theories of municipal liability that he articulates here. Marín–Torres raises new *"arguments* in support of a single claim," not a new claim, and may "frame the question to be decided in any way he chooses, without being limited to the manner in which the question was framed below." *Yee v. City of Escondido*, 503 U.S. 519, 535, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992); *see also Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995). Nonetheless, the district court did not err in granting summary judgment on Marín–Torres's *Monell* claims against King County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Although a custom or policy "may be inferred from widespread practices," *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir.2001), Marín–Torres fails to provide any evidence that the practices he alleges are "so persistent and widespread that [they] constitute[] a permanent and well settled ... policy," *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996) (internal quotation marks omitted). Nor does Marín–Torres establish a triable issue of fact as to whether King County's deliberate indifference led to its failure to provide him medical treatment through a policy of inaction. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1186 (9th Cir.2002). Marín–Torres similarly fails to present any evidence establishing a genuine issue of material fact to support his "ratification" theory that authorized policymakers approved the alleged assault against him. *See Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir.1999). Each party shall bear its own costs on appeal.

---

* This disposition is not appropriate for publica-

**AFFIRMED IN PART AND REVERSED IN PART AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.**