Odilia Aldana **HERNANDEZ,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–76302.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed Feb. 23, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA M.

Jocelyn Lopez Wright, Esq., Michelle E. Gorden Latour, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM [*]

Odilia Aldana Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA's") final order of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).[2]

Hernandez was served with a notice to appear ("NTA") in July 2002, charging that she was illegally present in the United States, having never been admitted or paroled into the country by an authorized immigration official. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Hernandez conceded that she was removable as charged, but sought to terminate the proceedings on the ground that the NTA was improperly executed and that the IJ therefore lacked jurisdiction. Alternatively, Hernandez argued that she was eligible for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[3] On August 7, 2003, the IJ denied Hernandez's motion to terminate her removal proceedings, as well as her application for asylum, withholding of removal, and protection under the CAT and ordered her removed to Guatemala. The BIA affirmed without opinion the results of the decision below.

■ The IJ did not lack subject matter jurisdiction to conduct Hernandez's removal proceedings based on any alleged deficiencies in the NTA. Immigration courts have subject matter jurisdiction over removal proceedings. 8 U.S.C. § 1229a(a). Moreover, agencies are entitled to a presumption of regularity. *See Federal Communications Commission v. Schreiber*, 381 U.S. 279, 296, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965); *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926); *see also INS*

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Because the BIA affirmed the Immigration Judge's ("IJ's") decision without opinion, the IJ's decision constitutes the final agency action which we review. *See* 8 C.F.R. § 1003.1(e)(4)(ii); *see also Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004). We review questions of law de novo. *Chavez–Perez v. Ashcroft*, 386 F.3d 1284, 1287 (9th Cir.2004). However, "[t]he BIA's interpretation of immigration laws is entitled to deference." *See Kankamalage v. INS*, 335 F.3d 858, 861 (9th Cir.2003). We review factual findings for substantial evidence. *See Khup v. Ashcroft*,

376 F.3d 898, 902 (9th Cir.2004). Under this standard, we uphold the IJ and deny the petition unless "Petitioner presented evidence so compelling that no reasonable factfinder could find that Petitioner has not established eligibility for asylum." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (internal quotations and citation omitted).

3. Hernandez did not challenge the IJ's denial of her CAT claim on appeal to the BIA, nor does she claim that she is entitled to such protection in her petition for review. Any issue about her eligibility for protection under the CAT is not, therefore, before us for consideration. *See generally* 8 U.S.C. § 1252(d)(1) (the Immigration and Nationality Act's statutory exhaustion requirement); *Martinez v. Ylst*, 951 F.2d 1153, 1156–57 (9th Cir.1991) ("Failure to raise or brief an issue in a timely fashion may constitute waiver of the issue on appeal.").

*v. Miranda,* 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982). Absent evidence to the contrary, we presume that the immigration officers properly discharged their duties when issuing Hernandez's NTA. *County of Del Norte v. United States,* 732 F.2d 1462, 1468 (9th Cir.1984) ("In the absence of clear evidence to the contrary, courts presume that public officers properly discharged their duties."). Jurisdiction, therefore, existed. *See Kohli v. Gonzales,* 473 F.3d 1061, 1068 (9th Cir.2007).

The IJ erred, however, by not analyzing Hernandez's claim of past persecution under the correct legal framework.[4] By stating that Hernandez did not suffer past persecution because there is "little likelihood that guerrillas would still be interested in this respondent," the IJ put the cart before the horse, and failed to undertake the appropriate legal analysis and make a valid finding on past persecution. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000). In fact, we are unable to determine whether the IJ, in her opinion, made a finding of past persecution or did not do so. Because the IJ did not make an adequate finding, one way or the other, on past persecution, we cannot determine whether the IJ applied a presumption of a well-founded fear of future persecution which the government would have been required to rebut. *See* 8 C.F.R. § 208.13(b)(1); *see also Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). This may have resulted in a reversal of the burden of proof since the IJ stated that because of changed country conditions Hernandez had failed to establish a likelihood of future persecution, rather than presuming a well-founded fear and then assessing whether or not the government had sufficiently rebutted that presumption through the country reports or otherwise. Accordingly, we reverse and remand to the IJ for further proceedings on Hernandez's application for asylum and withholding of removal. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1021 (9th Cir.2004); *Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir.2004); *see also INS v. Ventura,* 537 U.S. 12, 16– 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The BIA erred when it did not affirm the sixty day length of the voluntary departure period imposed by the IJ, but instead imposed a thirty day period. *See Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006). Accordingly, we reverse the BIA in part, and re-impose the sixty day period for voluntary departure granted by the IJ.

**PETITION GRANTED; REVERSED IN PART AND REMANDED IN PART.**

---

4. To establish eligibility for asylum based on past persecution, an individual must show "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily protected grounds; and (3) is committed by the government or forces the government is unable or unwilling to control." *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000) (footnote and internal quotation omitted).