**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICE CORNELL CAMPBELL, | No. 10-17353 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01419-WBS-GGH |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Maurice Cornell Campbell, a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging he

suffered food poisoning because defendants acted with deliberate indifference to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

health and safety in handling and preparing prison food. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the decision to grant summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any ground supported by the record. *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We affirm.

Summary judgment on Campbell's deliberate indifference claim was proper with respect to each defendant. As to defendants Arndt, Rodriguez, and Ruller, Campbell failed to controvert evidence that they properly addressed substantiated sanitation issues of which they were aware. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994) ("prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted"). As to defendants Haytorne and Hague, Campbell failed to present sufficient evidence of causation between the alleged violations and any food-borne illness. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Campbell did not raise his evidentiary argument until his reply brief, so we do not consider it. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999);

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).[1]  Nor do we consider claims raised in his notice of appeal but not argued in his opening brief.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc) (per curiam).

**AFFIRMED.**

[1]    Campbell also failed to object to the magistrate judge's evidentiary ruling below.  *See Smith*, 194 F.3d at 1052.