**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3193
_____

JOSE RUIZ,
Appellant

v.

SUPERINTENDENT HUNTINGDON SCI;
ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY PHILADELPHIA
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cv-01993)
District Judge: Honorable Norma L. Shapiro
_____

Submitted Under Third Circuit LAR 34.1(a)
October 6, 2016
_____

Before: SHWARTZ, COWEN, and ROTH, Circuit Judges.

(Filed: November 29, 2016)
_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Jose Ruiz was convicted of first-degree murder and sentenced to life imprisonment following a bench trial in the Philadelphia Court of Common Pleas ("Trial Court"). He appeals the denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, we will affirm.

I

On a July evening in 1997, Ruiz and Hiram Cuba were engaged in a heated discussion on a Philadelphia street. Several individuals were present, including Ruiz's sister and two eyewitnesses. These two witnesses testified that Ruiz fatally shot Cuba. During the trial, Ruiz challenged their identifications by highlighting inconsistencies in their testimony and by presenting an eyewitness who testified that Ruiz was not the person who shot Cuba. The Trial Court found Ruiz guilty of first-degree murder, carrying a firearm on a public street, and possession of an instrument of crime, and sentenced him to life imprisonment. See 42 Pa. Stat. and Cons. Stat. Ann. §§ 9711(b), (c). The conviction was affirmed on direct appeal. Commonwealth v. Ruiz, 881 A.2d 819 (Pa. 2005) (table); Commonwealth v. Ruiz, 863 A.2d 1231 (Pa. Super. Ct. 2004) (table).

Ruiz then filed a pro se petition for post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541. Ruiz raised five grounds for relief, including that his trial counsel rendered ineffective assistance by failing to adequately advise him of his right to testify and by failing to call him to testify at the trial. Counsel was appointed and filed an amended petition that omitted the ground for relief related to Ruiz's right to testify but claimed three grounds

2

for relief, including that trial counsel was ineffective for failing to call known alibi witnesses.

The PCRA Court held a hearing at which Ruiz testified. Ruiz said that, at the time of the killing, he was eating dinner at his mother's house and that he had told his trial counsel that his mother and girlfriend could have testified to that alibi.[1] The PCRA Court found that the "imprecise testimony [regarding the alibi] would not have been sufficient to raise reasonable doubt in the Commonwealth's case or change the outcome of the verdict." Supp. App. 127. As a result, the PCRA Court denied the petition for collateral relief. The Pennsylvania Superior Court affirmed. Commonwealth v. Ruiz, 996 A.2d 15 (Pa. Super. Ct. 2010) (table), and the Pennsylvania Supreme Court denied Ruiz's petition for an allowance of appeal, Commonwealth v. Ruiz, 3 A.3d 670 (Pa. 2010) (table).

Ruiz then filed the instant petition for a writ of habeas corpus alleging six grounds for relief, including those related to his counsel's failure to protect his right to testify. At an evidentiary hearing, Ruiz provided pro se submissions showing that he had presented the right to testify claim to the PCRA Court but his appointed PCRA counsel did not pursue it. The District Court concluded that the claim was procedurally defaulted and that Ruiz did not show cause to excuse his default under Martinez v. Ryan, 132 S. Ct. 1309 (2012). The District Court declined to credit Ruiz's testimony that both he and his mother were having dinner together on the night of the murder, explaining that because the factfinder credited the eyewitness accounts placing Ruiz at the scene of the crime, and

---

[1] The trial judge also presided over the PCRA proceedings. We use different labels only to distinguish the proceedings themselves.

3

Ruiz's testimony would have directly contradicted those accounts, the factfinder would have rejected it. The District Court therefore denied the petition, concluding that Ruiz's testimony would not have established his possible innocence and his counsel's failures concerning his testimony did not violate his constitutional rights.

We granted a certificate of appealability with respect to whether Ruiz's "trial attorney was ineffective for failing to advise him of his right to testify and whether [Ruiz] has demonstrated cause to overcome the procedural default of this claim." App. 52.

II[2]

A

A petition for federal habeas corpus relief must be dismissed if the petitioner has not exhausted all state remedies for his federal claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented at each available level of the state courts. Lines v. Larkins, 208 F.3d 153, 159-161 (3d Cir. 2000). This procedural bar may be lifted if the petitioner shows cause for his failure to meet the exhaustion requirement. Ineffective assistance of counsel at initial-review state collateral proceedings may constitute such cause. Martinez, 132 S. Ct. at 1315.

We need not decide whether Ruiz has shown cause under Martinez to lift the procedural bar here because, as explained below, his ineffectiveness claim lacks merit. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied

_____

[2] The District Court had jurisdiction under 28 U.S.C. § 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

4

on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("Because we will deny Roman's claims on the merits, we need not address the issue of exhaustion in this case.").

B

Before turning to the merits of Ruiz's ineffectiveness claim, we must first consider our standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Our standard of review is dictated by whether the Petitioner's "claim has already been 'adjudicated on the merits in State court.'" Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013) (quoting 28 U.S.C. § 2254(d)). If the state court has adjudicated the claim on the merits, the petition may only be granted if "the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Breakiron v. Horn, 642 F.3d 126, 131 (3d Cir. 2011) (quotation marks and citations omitted). Where a state court has not adjudicated a claim on the merits, we review pure legal questions and mixed questions of law and fact de novo. Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009). As to facts, we presume that the state courts' factual findings are correct under § 2254(e)(1), "unless rebutted by clear and

5

convincing evidence."[3]  Simmons, 590 F.3d at 231; see also Palmer v. Hendricks, 592

F.3d 386, 392 (3d Cir. 2010).

Ruiz's amended PCRA petition did not allege that his trial counsel was ineffective

for failing to adequately advise him of his right to testify, and consequently no state court

adjudicated that issue.[4]  As such, the § 2254(d) deference standard does not apply, but we

presume that the state courts' factual findings are correct and review legal questions de

novo.

---

[3] Section 2254(e)(1) provides that:

> In a proceeding instituted by an application for a writ of habeas corpus by a
> person in custody pursuant to the judgment of a State court, a determination
> of a factual issue made by a State court shall be presumed to be correct. The
> applicant shall have the burden of rebutting the presumption of correctness
> by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

[4] Contrary to the Commonwealth's argument, the PCRA Court did not decide
whether Ruiz's trial counsel rendered ineffective assistance by failing to adequately
advise him of his right to testify as part of its ruling on the claim that counsel was
ineffective for failing to call known alibi witnesses.  It is generally in the province of
counsel to decide which witnesses to call, but it is a defendant's decision alone whether
or not to take the stand in his own defense. United States v. Pennycooke, 65 F.3d 9, 10
(3d Cir. 1995).  As such, whereas trial counsel might have elected not to call other alibi
witnesses due to reasonable trial strategy, we can think of no strategic justification for
failing to advise a client of his right to testify.  Moreover, though the alleged prejudicial
effect of both claims of ineffectiveness relies on similar factual grounds, the analysis of
such effect will differ for each claim since a defendant can be a uniquely persuasive
witness. See Rock v. Arkansas, 483 U.S. 44, 52 (1987).  The two claims are thus distinct,
and the state court's adjudication of the alibi issue did not resolve the right to testify
issue.

In addition, since the District Court held an evidentiary hearing, we "review any findings of fact drawn from the evidentiary hearing for clear error," and apply plenary review to its legal conclusions. Morris v. Beard, 633 F.3d 185, 193 (3d Cir. 2011).

C

Mindful of the applicable standard of review, we now turn to whether Ruiz's trial counsel was constitutionally ineffective for failing to advise him of his right to testify at trial. To succeed on his claim, Ruiz must show (1) "that [his] counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). We will assume that trial counsel failed to adequately inform Ruiz of his right to testify and that such a failing rendered his assistance deficient. Therefore, we will examine only whether that deficiency prejudiced Ruiz. See id. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

To establish prejudice, Ruiz must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To this end, Ruiz "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In determining whether counsel's failure to present potentially exculpatory evidence was prejudicial, a reviewing court cannot merely determine whether there was sufficient evidence for a conviction at the

7

time of trial, but instead must weigh the evidence as a whole and consider the potential impact of the previously unpresented evidence. See Saranchak v. Secretary, Pa. Dep't of Corr., 802 F.3d 579, 599-600 (3d Cir. 2015). This inquiry "focuses on the effect the same evidence would have had on an unspecified, objective factfinder rather than a particular decisionmaker in the case." Id. at 588 (internal quotation marks and citations omitted).

Ruiz asserts that had he been advised of his right to do so, he would have presented an alibi defense at his trial, testifying that he spent the day with his girlfriend and their son and ate dinner at his mother's house with his son, girlfriend, and mother. While we are mindful that "the most important witness for the defense in many criminal cases is the defendant himself," Rock v. Arkansas, 483 U.S. 44, 52 (1987), and that "'it is only the most extraordinary of trials in which a denial of the defendant's right to testify can be said to be harmless beyond a reasonable doubt,'" Palmer, 592 F.3d at 399 (quoting Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991)), prejudice is not presumed where counsel fails to advise a client of his right to testify. Rather, the prejudicial effect of this failure depends on the significance of the facts to which the defendant might have testified, evaluated in the context of the remainder of the evidence produced at trial. Id.

While no state court has ruled on the ineffectiveness claim as it relates to Ruiz's right to testify, the PCRA Court declined to credit Ruiz's testimony regarding the exact alibi he would have provided. Ruiz told the PCRA Court that his mother would have testified that he was having dinner with her on the night of the murder. The PCRA Court noted that Ruiz could not offer any reason why he or his mother would have had a

8

particular memory of that night, given that he was arrested five weeks later and he testified simply that he remembered having dinner at her house since "[w]ell, that is what we usually do. I usually go to my Mother's house and we have dinner once in a while." Supp. App. 127. The PCRA Court found that this testimony would have been too imprecise to raise reasonable doubt at his trial. Thus, we have a factual finding concerning the exact subject about which Ruiz says he would have testified. Although he offered his testimony to support a different ground for relief than the one he now pursues, the PCRA Court's credibility assessment of Ruiz's testimony about his alibi is still a fact that we must presume to be correct under § 2254(e)(1). See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (a state court finding of witness credibility is a factual finding presumed to be correct under § 2254(e)(1)).

Ruiz has not rebutted this fact finding by clear and convincing evidence. The PCRA Court's finding that the testimony was imprecise was supported by the fact that Ruiz could not explain why he or his mother would have had a particular memory of their supposed dinner on the night in question. Moreover, Ruiz's testimony offered conflicting timelines. He first testified that he arrived at his mother's house at 6:30 p.m. On cross-examination, the Commonwealth confronted Ruiz with the notice of alibi he produced in anticipation of trial stating that he arrived at dusk, which Ruiz admitted would have been approximately 8:00 p.m. at that time of year (Cuba was shot at 7:30 p.m.). The notice of alibi also stated that Ruiz's sister was at the family dinner but Ruiz did not testify that she was present. This change is particularly noteworthy since eyewitnesses placed his sister at the murder scene and thus Ruiz could no longer assert that she was also at dinner.

9

Finally, the Commonwealth showed that his mother lived in close proximity to the crime scene, indicating that he could have both committed the murder and dined with his mother.

The District Court offered an additional reason for discrediting Ruiz's testimony. At the federal evidentiary hearing, Ruiz coincidentally offered precisely the sort of detail that the PCRA Court had noted was missing from his original testimony without explaining why his testimony had evolved over the course of the two hearings. More specifically, Ruiz provided an additional detail as to why he had a particular memory of the date in question, claiming that it was his "fifth-year anniversary with [his] son's mother." App. 381. Given the conflict between this federal testimony and his PCRA testimony, where he only explained that he knew he was at his mother's house that night because it was his habit to eat dinner there, we cannot conclude that this new testimony undermines the state court's factual findings concerning the credibility of his alibi testimony. Indeed, the federal testimony bolsters the state court's finding that the alibi was not worthy of credence. Furthermore, Ruiz's testimony at the federal hearing provided no basis to ignore his PCRA testimony. At both hearings, his testimony was offered solely to support the same supposed alibi and his testimony at the federal hearing did not rebut the PCRA Court's finding that his state court testimony was imprecise and undermined by internal inconsistencies.

In sum, we defer to the state court's finding that Ruiz's proposed testimony would not have changed an objective factfinder's view of all of the evidence because it was not credible, and hence there is no reasonable probability that the outcome would have been

10

different had Ruiz testified at his trial.  Thus, the District Court correctly denied his petition.

III

For the foregoing reasons, we will affirm the District Court's judgment denying Ruiz's petition for habeas corpus relief.