**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARTHUR ROBBINS, III,
        *Petitioner-Appellant,*

v.

TOM L. CAREY,
        *Respondent-Appellee.*

No. 05-17131

D.C. No.
CV-04-06337-OWW

OPINION

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted
November 17, 2006—San Francisco, California

Filed March 12, 2007

Before: J. Clifford Wallace and Sidney R. Thomas,
Circuit Judges, and David A. Ezra,* District Judge.

Opinion by Judge Thomas

*The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

## COUNSEL

David M. Porter (argued) and Daniel J. Broderick, Office of the Federal Defender, Sacramento, California, for the petitioner-appellant.

Jeanne R. Wolfe (argued) and Bill Lockyer, Robert R. Anderson, Mary Jo Graves, Stephen G. Herndon, and Mark A. Johnson, Office of the Attorney General of the State of California, Sacramento, California, for the respondent-appellee.

---

**OPINION**

THOMAS, Circuit Judge:

In this appeal, we consider whether, in the absence of a request from an unrepresented petitioner, a district court is required to consider, *sua sponte*, the option of staying and abeying a petition for a writ of *habeas corpus* when the petitioner has filed a "mixed" petition consisting of both exhausted and unexhausted claims. We hold that such a requirement would conflict with *Pliler v. Ford,* 542 U.S. 225 (2004), and *Rhines v. Weber*, 544 U.S. 269 (2005), and we affirm the judgment of the district court.

I

On October 13, 1999, in a California state court, Robbins pled no contest to possession with intent to sell crack cocaine. He had been arrested after a bag of cocaine had been found on the passenger-side floorboard of the car he was driving. Because Robbins had two prior convictions which the state court declined to excise, the court sentenced him to prison for 25 years to life under California's "three strikes" law. Robbins appealed, and his appointed appellate attorney filed a "*People v. Wende* brief" that simply asked the court to conduct an independent review of the record, without raising any specific issues. *See People v. Wende*, 600 P.2d 1071 (Cal. 1979). Dissatisfied with his appellate representation, Robbins requested and was denied appointment of new counsel, but he raised issues of his own in a letter brief.

After the state appellate court affirmed his conviction, Robbins filed a petition for review with the California Supreme Court. The thrust of Robbins' argument was that the arresting officer did not have probable cause to pull over the car Robbins was driving. Robbins argued that the arresting officer lied when he testified that he discovered Robbins had a suspended license prior to the stop; rather, the arresting officer learned of the suspended license only after the stop and the discovery of the cocaine. Under this latter scenario, Robbins argued, there was no probable cause to stop the car and the fruits of the search would be tainted. Robbins' state court petition also argued that his appellate counsel was ineffective for failing to raise the Fourth Amendment defense and the contradictory testimony of the arresting officer, and that the appellate court's review was objectively unreasonable.

The California Supreme Court denied his petition for review, after which Robbins filed his federal habeas petition on September 30, 2004. His amended habeas petition, filed on December 30, 2004, sought relief on four grounds: (1) trial counsel was ineffective for failing to object to the officer's contradictory statements; (2) his conviction was obtained through evidence that should have been excluded; (3) appellate counsel was ineffective for failing to appeal any issues, such as trial counsel's ineffectiveness or the unlawful search and arrest; and (4) it was objectively unreasonable for the state courts to summarily deny his arguments on appeal. The Warden moved for dismissal, arguing that Robbins failed to exhaust these claims in state court, and on July 12, 2005, the magistrate judge issued a report recommending the dismissal of Robbins' habeas petition because the ineffective assistance of trial counsel claim had not been exhausted in state court. The magistrate judge also recommended that Robbins' fourth claim be dismissed because it failed to state a cognizable federal claim.

The magistrate judge's report stated that both parties had thirty days in which to file objections to the report, and that

otherwise the report would be submitted to the district court for review. The magistrate judge gave Robbins the option of withdrawing his unexhausted claims within thirty days to allow him to proceed with the exhausted claims; the magistrate judge explained that if Robbins did not withdraw the unexhausted claims, the entire "mixed" petition would be dismissed without prejudice to allow Robbins to seek exhaustion before refiling his federal petition. The magistrate judge did not mention that the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), had by then expired five months earlier, in February of 2005, and thus that if Robbins' federal petition were dismissed, he would be unable to re-file in federal court after exhausting his claims in state court. Nor did the magistrate judge advise Robbins of the stay-and-abeyance procedure at issue here. Following the issuance of the report, Robbins did not file any objections and did not request a stay and abeyance or a withdrawal of his unexhausted claims. As a result, the district court adopted in full the magistrate judge's report and dismissed Robbins' habeas petition.

We have jurisdiction to review the district court's denial of a petition for habeas corpus pursuant to 28 U.S.C. § 2253(a). We issued a certificate of appealability ("COA") on Robbins' claim that *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), required the district court to consider *sua sponte* the stay-and-abeyance procedure. 28 U.S.C. § 2253(c). Our review is limited to that question. *Id.*

We review the district court's dismissal of a mixed habeas petition de novo. *Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir. 2004). We also review pure legal questions and mixed questions of law and fact de novo when the state court has not reached the merits of the question. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

II

As a threshold matter, we must determine whether Robbins properly preserved his right to appeal the district court's decision. The Warden argues that Robbins waived this right by failing to file objections to the magistrate judge's report within the thirty days provided by the magistrate judge. Indeed, Robbins filed no objections to the report at all, before or after the thirty-day deadline. When no objections were filed, the district court adopted the magistrate judge's recommendation in full and dismissed Robbins' habeas petition because it contained unexhausted claims. Robbins then filed a timely notice of appeal.

**[1]** "The failure to object in the district court to a magistrate's finding of fact waives a challenge to that finding." *United States v. Torf*, 357 F.3d 900, 910 (9th Cir. 2004) (as amended) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (as amended)). However, the failure to object to a magistrate judge's conclusions of law does not automatically waive a challenge on appeal. *Turner*, 158 F.3d at 455. Because determinations of law by the magistrate judge are reviewed de novo by both the district court and this court, "the failure to object would not, standing alone, ordinarily constitute a waiver of the issue." *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991). The failure to object to a magistrate judge's conclusion of law "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* In *Martinez*, we held that when a party has failed both to object to a magistrate judge's legal findings and to raise the issue in its opening appellate brief — raising the issue in a reply brief instead — "waiver is appropriate unless there are circumstances suggesting that it will work a substantial inequity." *Id.* at 1157.

**[2]** Robbins' arguments on appeal implicate his failure to object to the magistrate judge's legal conclusions concerning state court exhaustion and lack of a federal claim. He does not

challenge the magistrate judge's factual findings. Unlike the party in *Martinez*, Robbins did raise his arguments in his opening brief to this court. Thus, he is entitled to the "ordinary" presumption that failure to object to the magistrate judge's report, "standing alone," does not constitute waiver. *See id.* at 1156. Moreover, we granted Robbins a COA on an issue that was not and could not have been addressed in the magistrate judge's report or, indeed, by the district court, because had Robbins been aware of the possibility of the stay-and-abeyance procedure while his case was pending in the district court, he would have requested it outright. The essence of his appeal is that, acting *pro se*, he was not aware of the stay-and-abeyance procedure and did not request it, thus requiring the district court to consider it without prompting. Robbins' failure to object to the magistrate judge's report is, therefore, irrelevant to the claim before us.

### III

We conclude that a district court is not required *sua sponte* to consider whether it should stay and abey a mixed habeas petition. "Mixed" petitions are those habeas petitions consisting of both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Supreme Court has held that district courts generally[1] must dismiss such mixed petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* This total exhaustion requirement presented significant difficulties once Congress enacted AEDPA in 1996, imposing a one-year statute of limitations on the filing of habeas petitions in federal court. 28 U.S.C. § 2244(d).

---

[1] The Supreme Court recently recognized an exception to the dismissal requirement, permitting district courts to stay mixed petitions in certain circumstances while the petitioner exhausts his unexhausted claims. *Rhines*, 544 U.S. at 278; *Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005) (discussing the *Rhines* holding).

*See Rhines*, 544 U.S. at 274-75. The AEDPA limitations period is tolled while a prisoner seeks collateral review in a state court, but not while the prisoner is in federal court. 28 U.S.C. § 2244(d)(2); *Rhines*, 544 U.S. at 274-75.

The Supreme Court has recognized that the interplay between *Lundy* and AEDPA means that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. In other words, if a prisoner files a timely, mixed petition and the district court makes a *Lundy* ruling after the one-year limitations period has run, the prisoner is precluded from filing a new federal habeas petition after exhausting those unexhausted claims.

In *Calderon v. United States District Court* ("*Taylor*"), we approved one solution to that conundrum, a three-step stay-and-abeyance procedure in which: (1) the prisoner amends his mixed petition to remove the unexhausted claims; (2) the district court stays and holds in abeyance the amended and fully exhausted petition; and (3) the prisoner re-amends his petition to add the newly-exhausted claims after litigating them in state court. 134 F.3d 981, 986 (9th Cir. 1998). *Kelly v. Small* affirmed that procedure and held that district courts must consider it *sua sponte* regardless of whether the prisoner raises it, specifying that the stay-and-abeyance procedure "is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period." 315 F.3d 1063, 1070 (9th Cir. 2003) (as amended); *see also Smith v. Ratelle*, 323 F.3d 813, 818 (9th Cir. 2003); *Guillory v. Roe*, 329 F.3d 1015, 1017 (9th Cir. 2003).

**[3]** In *Ford v. Hubbard*, we held that, when faced with a *pro se* habeas petitioner, "the district court was obligated to inform him of his options with respect to his mixed habeas petitions: to advise him that it would have the power to consider his stay motions only if he opted to proceed with his

exhausted claims and dismiss the unexhausted claims." 330 F.3d 1086, 1099 (9th Cir. 2003) (as amended), *rev'd sub nom. Pliler v. Ford*, 542 U.S. 225 (2004). We also held that the district court was obligated to inform the petitioner that AEDPA's statute of limitations period had run and that he would be barred from seeking habeas relief in federal court if he failed to amend his petitions or dismissed them in order to exhaust the unexhausted claims. *Id.* at 1102.

**[4]** The Supreme Court reversed those holdings in *Pliler*. 542 U.S. at 234. The Supreme Court specifically declined to address "the propriety of [the Ninth Circuit's] stay and abeyance procedure," but held that "federal district judges are not required to give *pro se* litigants these two warnings." *Id.* at 231. Robbins interprets this language as taking issue only with the giving of *two* warnings. We do not believe *Pliler* can be read so narrowly. *Pliler* extends beyond the giving of two warnings to *pro se* litigants because district courts "have no obligation to act as counsel or paralegal to *pro se* litigants," *id.*, and because " 'the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course,' " *id.* (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984)). The Supreme Court further expressed concern that requiring district courts to advise *pro se* litigants "would undermine district judges' role as impartial decisionmakers." *Id.* Later in the opinion, the Supreme Court explained that "nothing in *Rose* [*v. Lundy*] . . . suggests that district judges give specific advisements as to the availability and wisdom of the[ ] options" faced by a petitioner with a mixed petition. *Id.* at 233.

**[5]** Thus, although the *Taylor* stay-and-abeyance option remains in place for district courts, *Pliler* makes it clear that district courts are not *required* to consider *sua sponte* the stay-and-abeyance procedure. Such a mandatory action by the trial judge falls within the set of "chores" targeted by the Supreme Court in *Pliler*. *See also Brambles v. Duncan*, 412 F.3d 1066,

1070-71 (9th Cir. 2005) (following *Pliler*, the district court had no obligation to inform habeas petitioner that the stay-and-abeyance procedure was available). Therefore, *Pliler* effectively overruled any requirement to the contrary contained in *Kelly v. Small* and its progeny.

Robbins argues that there is a distinction between *Kelly*'s requirement that a court must "consider" the procedure and *Pliler*'s holding that courts are not required to issue warnings about the use of the procedure. However, there is no difference between "considering" a procedure and notifying a party about the possibility of that procedure, because in both cases the district court must *sua spont*e inform the party of the procedure, partly so that the petitioner may decide which option to pursue. The district court cannot merely "consider" the stay-and-abeyance option on its own; rather, it must inform both parties of its possible use to enable them to provide the information the court needs to exercise its discretion over whether to stay and abey the petition.

The Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), is not to the contrary and does not detract from the holding of *Pliler*. There, the Supreme Court addressed the propriety of staying a mixed petition while a petitioner exhausts his unexhausted claims in state court. *Rhines*, 544 U.S. at 271. The Court upheld the procedure but found that it "should be available only in limited circumstances." *Id.* at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless"; and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-278. Thus, *Rhines* merely approved a version[2] of the stay-and-abeyance procedure. Although, as Robbins

---

[2]See *Jackson*, 425 F.3d at 661, for a discussion of the differences between the stay-and-abeyance procedure described in *Rhines* and that of *Kelly*.

argues, *Rhines* may have endorsed the procedure, there is no indication that its endorsement was so hearty that it condoned a requirement that district courts must consider the procedure *sua sponte*. Such a requirement would be inconsistent with *Pliler*, and there is no indication in *Rhines* that the Supreme Court intended to revise *Pliler*, much less overrule it.

IV

**[6]** In light of *Pliler v. Ford*, we conclude that the district court was not required to consider, *sua sponte*, the stay-and-abeyance procedure. To the extent that *Kelley v. Small* and its progeny suggest otherwise, those cases are overruled.³ We affirm the district court's judgment dismissing Robbins' mixed petition. We need not, and do not, reach any other issue urged by the parties.⁴

**AFFIRMED.**

---

³Ordinarily, panels cannot overrule a circuit precedent; that power is reserved to the circuit court sitting en banc. *United States v. Washington*, 872 F.2d 874, 880 (9th Cir. 1989) (as amended). As an exception to this general rule, we have held that where an intervening higher authority has issued an opinion that is "clearly irreconcilable" with our prior circuit precedent, a panel is free to act disregarding that precedent. *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc).

⁴Because we conclude that the district court in this case was under no obligation to consider the stay-and-abeyance procedure *sua sponte*, we do not reach the Warden's argument that Robbins did not meet the new standards laid out in *Rhines* for applying the procedure. We also do not address whether the *Rhines* requirements apply to the specific type of stay-and-abeyance procedure at issue in *Kelly*, *see Jackson*, 425 F.3d at 661, and we do not alter the "strong preference" in favor of granting the *Kelly* procedure, if requested by the petitioner, "when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period," *Kelly*, 315 F.3d at 1070. Nor do we reach Robbins' uncertified argument that all claims in his habeas petition were exhausted and thus that his petition was not "mixed." Finally, we deny Robbins' motion before this court to hold his habeas petition in abeyance while he seeks exhaustion in state court. Because we affirm the district court's dismissal of his petition, this motion is now moot.