MEMORANDUM *
William Langston Meador (Meador) appeals the district court’s sua sponte dismissal of his complaint for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner’s factual allegations as true, the complaint establishes his failure to exhaust and, thus, fails to state a claim upon which relief can be granted. See Jones v. Bock, 549 U.S. 199, 214-15, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); 28 U.S.C. § 1915A(b)(l).
Although Meador concedes in his complaint that his prison appeal was untimely, his complaint does not establish his failure to properly exhaust available administrative remedies. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003) (noting that any concession of nonexhaus-tiori must be clear). The California prison system’s appeal requirements define the boundaries of proper exhaustion. As we recently noted, an inmate in the California prison system “must submit an appeal within fifteen working days of the event or decision being appealed, but the appeals coordinator is only permitted to reject an appeal if ‘[tjime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints.’ ” Id. (quoting CaLCode Regs. tit. 15, §§ 3084.6(c) and 3084.3(c)(6)) (alteration in original). These provisions “explicitly create an exception to the timely filing requirement” for California prison appeals. Id.
In his complaint, Meador specifically asserts that he was unable to timely file his prison appeal because of his mental disability and his lack of education. Mea-dor also alleges that he attempted to secure review of his prison appeal and that prison officials failed to respond or process his appeal. Taking the allegations in the complaint as true, it appears that Meador filed an untimely appeal; was unable to file a timely appeal by reason of his mental disability and lack of education; and his appeal was never denied, rejected, or oth *179 erwise processed in the prison system despite Meador’s attempts to secure review of his appeal.[1]
Meador’s purported failure to exhaust his administrative remedies is not clear from his complaint; accordingly, dismissal was improper. See Jones, 549 U.S. at 214-15, 127 S.Ct. 910; Wyatt, 315 F.3d at 1120.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Defendants invite us to take judicial notice of Meador’s litigation history and infer from his actions in other cases that his alleged mental disability and lack of education did not deprive him of the opportunity to timely file a prison appeal in this case. It would be improper for us to resolve in the first instance any factual disputes concerning Meador’s education, mental abilities, and opportunity to timely appeal. The motion for judicial notice is therefore denied.
We also reject Defendants’ waiver argument. Defendants contend that Meador failed to specifically argue an exception to California’s timeliness requirements for prison appeals in his pro se objections to the magistrate judge’s findings and recommendations. Failure to object to a magistrate judge’s legal conclusions, however, does not establish waiver. Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir.2007). Furthermore, Mea-dor did not waive this argument where his objections make clear that he did not concede failure to exhaust and his pro se complaint specifically alleges that his mental disability and lack of education deprived him of the opportunity to timely file his prison appeal.