**Wendell HARRISON, Plaintiff—Appellant,**

v.

**Carl SPARKS, Sheriff of Kern County; et al., Defendants—Appellees.**

**No. 07–16798.**

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2009.*

Filed Aug. 14, 2009.

---

Wendell Harrison, Susanville, CA, pro se.

Charles Frederick Collins, Esquire, Deputy County Counsel, Bakersfield, CA, for Defendants–Appellees.

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Wendell Harrison appeals the district court judgment in favor of Sheriff Carl Sparks, Kern County, Kern County Sheriff's Department (collectively "Supervisory Defendants") and Deputy Sheriff Brenda Waidelich on his claims under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The facts of the case are known to the parties, and we do not repeat them below.

Harrison argues that the district court erred in granting summary judgment in favor of the Supervisory Defendants.[1] We review the district court's grant of summary judgment de novo and may affirm on any basis supported by the record. *See Enlow v. Salem–Keizer Yellow Cab Co.,* 389 F.3d 802, 811 (9th Cir.2004).

Harrison's theories of liability for the Supervisory Defendants' official policies are unpersuasive. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The R.E.A.C.T. belt activation protocol taught to deputies was condoned by the R.E.A.C.T. belts' manufacturer. Training deputies to use that protocol did not amount to deliberate indifference. *See City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Evidence in the record indicates that the Supervisory Defendants adequately trained and supervised Deputy Waidelich in using the R.E.A.C.T. belt. *See id.* at 390–91, 109 S.Ct. 1197. Lastly, Harrison's due process rights were not violated when he wore the R.E.A.C.T. belt on the way to the court hearing outside the jury's presence in which the trial judge ordered that Harrison continue to wear the belt. The district court correctly granted summary judgment in favor of the Supervisory Defendants.

Harrison's Notice of Appeal addresses only the 2002 grant of summary judgment against the Supervisory Defendants. We lack jurisdiction over Harrison's appeal of the 2007 judgment in favor of Deputy Waidelich. Harrison's intent to appeal

that judgment cannot be fairly inferred from his Notice of Appeal. *See Pope v. Savings Bank of Puget Sound,* 850 F.2d 1345, 1347 (9th Cir.1988)

Harrison's motion for clarification or modification of the record is denied.

**AFFIRMED.**

---

1. Harrison filed objections to the magistrate judge's findings and recommendations more than thirty days after they were served (i.e. mailed, *see* Fed.R.Civ.P. 5(b)(2)(C)). His untimely filing does not affect his ability to appeal the district court's legal conclusions.

*See Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir.2007).

