FILED

JUN 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT ERIC CONNER, | No. 09-55941 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-00218-AG-AN |
| v. | |
| AARON D. WINSLOW, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    Scott Eric Conner, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging violations of his

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

rights under the Eighth and Fourteenth Amendments in connection with a fight with another inmate and ensuing disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

Conner waived his right to challenge the district court's factual findings. *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007) (failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's findings of fact, but does not ordinarily waive objections to purely legal conclusions).

The district court properly dismissed Conner's claims because he failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (affirming dismissal for failure to exhaust prison remedies where inmate's grievance failed to "alert[] the prison to the nature of the wrong for which redress [was] sought.").

Conner's remaining contentions are unpersuasive.

**AFFIRMED.**