**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50458 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01094-JM |
| v. | |
| JESUS HERRERA-TORRES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jesus Herrera-Torres appeals from the 48-month sentence imposed

following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C.

§ 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Herrera-Torres contends that his sentence is substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), in light of his mitigating personal circumstances and the age of the prior conviction that was the basis for a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The record reflects that the 48-month sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-56 (9th Cir. 2009).

Herrera-Torres also contends that *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2008), that held that a conviction under California Penal Code section 288(a) constitutes "sexual abuse of a minor" and qualifies for the crime of violence sentence enhancement, should be overruled because it conflicts with *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc). This contention is foreclosed. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013-14 (9th Cir. 2009); *see also Robbins v. Carey*, 481 F.3d 1143, 1149 n.3 (9th Cir. 2007) (In the absence of intervening authority, a three-judge panel is without authority to overrule Circuit precedent.).

Last, as Herrera-Torres concedes, his contention that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), should be overruled is foreclosed.  *See United States v. Grisel*, 488 F.3d 844, 846-47 (9th Cir. 2007) (en banc).

**AFFIRMED.**