**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREAS J. KELLY, | No. 06-56574 |
| Petitioner - Appellant, | D.C. No. CV-98-07536-JSL |
| v. | |
| GARY SWARTHOUT, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Argued and Submitted February 2, 2015
Pasadena California

Before: PREGERSON, KLEINFELD, and NGUYEN, Circuit Judges.

Andreas Kelly appeals the district court's decision denying his petition for a

writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we

affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The district court properly concluded that Kelly failed to exhaust Claims 4, 6, and 7[1] of his habeas petition by not fairly presenting them to the California Supreme Court. We previously determined that these claims were exhausted and remanded them. *See Kelly v. Small*, 315 F.3d 1063, 1066-67 (9th Cir. 2003) (overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). However, the intervening Supreme Court decision of *Baldwin v. Reese*, 541 U.S. 27 (2004), overruled the reasoning upon which we had relied. *See Gonzalez v. Arizona*, 677 F.3d 383, 389-90 n. 4 (9th Cir. 2012) (recognizing an exception to the law of the case doctrine where "intervening controlling authority makes reconsideration appropriate") (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)). The district court properly dismissed these claims as unexhausted because, although Kelly attached the lower court decision to his state court petition for review, California court rules prohibit parties from incorporating arguments by reference in this way. *See* Cal. R. Ct. 8.504(e)(3).

2. The district court improperly treated the entirety of Kelly's fifth claim as unexhausted on remand. In *Kelly v. Small*, we found that Kelly had properly

---

[1] Claim 4 challenges the trial judge's admission of hearsay evidence. Claim 6 alleges a due process violation based on admission of prior bad acts evidence, and Claim 7 challenges certain jury instructions.

exhausted the first three sub-claims of Claim 5 but not the fourth.[2] *Kelly*, 315 F.3d at 1068. Thus, we remanded with instructions to allow Kelly to either move to dismiss the fourth sub-claim or request a stay to allow time for exhaustion in state court. *Id.* at 1069-70. On remand, however, the district court treated the entirety of Claim 5 as unexhausted, and dismissed it when Kelly failed to move for dismissal or seek a stay for exhaustion purposes. Though this was improper, Kelly in fact failed to exhaust the entirety of Claim 5, pursuant to *Baldwin v. Reese*, and thus we affirm the dismissal of this claim. *See Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004) (stating that "[w]e may affirm on any basis finding support in the record").

3. The district court properly concluded that Kelly procedurally defaulted Claim 1 of his habeas petition, which alleges that he was denied due process when the trial judge allowed the prosecutor to testify. The last reasoned state court decision in this case, that of the California Court of Appeal, dismissed Claim 1 because of Kelly's failure to assert a contemporaneous objection. *See Castellanos*

---

[2] Kelly's sub-claims alleged ineffective assistance of counsel based on the failure of trial counsel to: (1) object to the prosecutor's testimony, (2) object to several instances of alleged prosecutorial misconduct, (3) object to the introduction of other crimes evidence, and (4) move to recuse the prosecutor. *Kelly v. Small*, 315 F.3d 1063, 1067 (9th Cir. 2002) (overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).

*v. Small*, 766 F.3d 1137, 1145 (9th Cir. 2014). We have previously found that the contemporaneous objection bar is an independent and adequate state law ground that bars federal review of the underlying claim. *See, e.g., Paulino v. Castro*, 371 F.3d 1083, 1093 (9th Cir. 2004). Additionally, Kelly failed to present any evidence to show the inadequacy of this procedural bar, as was his burden under *Bennett v. Mueller*'s burden-shifting regime. 322 F.3d 573, 584-86 (9th Cir. 2003).

4. The district court properly dismissed Claim 8 of Kelly's petition, which raises a variety of prosecutorial misconduct claims, as procedurally defaulted in part and on the merits in part. The California Court of Appeal found that Kelly had failed to object to several of the instances of prosecutorial misconduct included in Claim 8, and Kelly has not presented evidence to prove the inadequacy of this procedural bar. *See id.* As to the rest of the sub-claims of Claim 8, Kelly has not shown that their rejection on the merits by the state court was either "contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).

5. Finally, Kelly failed to raise any arguments regarding the district court's dismissal of his second and third claims.[3] Since "arguments not raised by a party in its opening brief are deemed waived," *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), we affirm the district court's dismissal of these claims.

We do not reach Kelly's uncertified issues. *Cf.* 9th Cir. R. 22-1(e).[4]

**AFFIRMED.**

---

[3] Claim 2 alleges another incident of prosecutorial misconduct based on the prosecutor's purported conflict of interest as to Kelly's prosecution. Claim 3 alleges a due process violation from the trial court's refusal to recuse the prosecutor or declare a mistrial.

[4] We deny as moot the parties' requests for judicial notice and Kelly's motion to file a supplemental reply brief.