**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL PATTON,

        Petitioner-Appellant,

 v.

DANIEL E. CUEVA, Warden,

        Respondent-Appellee,

 and

ROB BONTA, Attorney General of the State of California,

        Respondent.

No. 20-55308

D.C. No.
2:17-cv-00181-CJC-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted January 12, 2023
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioner Michael Patton appeals the district court's order denying his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291 and § 2253, and we affirm. Because the parties are familiar with the facts and the procedural history of this case, we recount them only as necessary to explain our disposition.

Patton was charged with shooting David Johnston in Los Angeles in 2013. Johnston had been shot five times. Patton's defense at trial was that he was not the shooter. A jury found Patton guilty of attempted murder, assault with a firearm, and prohibited possession of a firearm and ammunition. The trial court found that Patton had previously been convicted of two serious or violent felonies, *see* Cal. Penal Code §§ 667(a)(1), (b)–(i), § 1170.12, and sentenced him to imprisonment for a term of 60 years to life. Patton unsuccessfully appealed his conviction. Then, Patton filed ten unsuccessful pro se habeas petitions in state court. He also filed a habeas petition pursuant to 28 U.S.C. § 2254 in federal district court, which the district court denied. This appeal followed.

1.      Petitioner argues that the district court erred in denying his motion for appointment of counsel. We review such a denial for abuse of discretion. *Duckett v. Godinez*, 67 F.3d 734, 750 n.8 (9th Cir. 1995). Petitioner requested counsel three times. Each time, the district court reviewed the operative petition and the record, and concluded both that no evidentiary hearings were required and that the

"interests of justice" did not require the appointment of counsel. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Based on our independent review of the record, we conclude that the district court did not abuse its broad discretion in declining to appoint counsel. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728–30 (9th Cir. 1986) (explaining that § 3006A and due process do not require counsel where a district court properly declines an evidentiary hearing).

2. As relevant to this appeal, Petitioner argues that his trial counsel rendered ineffective assistance in violation of his Sixth Amendment right to counsel. Petitioner contends on appeal that his trial counsel was ineffective in three ways: first, by failing to investigate and obtain mental health evidence to present insanity and imperfect self-defense theories; second, by failing to advise him of his maximum sentencing exposure at trial were he to reject the State's plea offer; and third, by failing to call available witnesses who could have testified in support of a lesser-included instruction on attempted voluntary manslaughter.

We review the district court's denial of a habeas petition de novo. *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010). Federal habeas relief is unavailable unless a petitioner has exhausted his claims in state court. 28 U.S.C. § 2254(b)(1)(A).[1] We find that Petitioner has not exhausted any of his claims.

---

[1] A petitioner does not have to exhaust his claims in state court if "there is an absence of available State corrective process" or pursuing such process would be

3

As to the first claim, the relevant state court petition merely refers to Petitioner's "two nervous breakdowns at L.A. county psych hospital) (1989?)" and "prior (1st) time hospitalize" *[sic]*. Petitioner's claim on appeal necessarily relies on the psychological evaluation of his mental state at the time of shooting, while the claim in state court relied on evidence of his hospitalization more than twenty years before the shooting—and did not mention how this evidence (like nervous breakdowns) would directly connect to either insanity or imperfect self-defense. The state court petition's reference to "superior court filing by trial counsel" does not help Patton, because a state court need not look beyond the "four corners" of the petition before it. *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Moreover, a habeas petitioner must describe "both the operative facts and the federal legal theory on which his claim is based" to give the state court a fair opportunity to consider the claim. *Id.* at 998–99 (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007))). Because Patton did not present the operative facts providing the basis for his claim, it cannot be considered exhausted. *See id.* at

---

futile. 28 U.S.C. § 2254(b)(1)(B). Patton does not make any argument that state court remedies were unavailable to him or that pursuing them would have been futile.

999–1000.[2]

Patton claims on appeal that trial counsel was ineffective for failing to advise him—when discussing the State's thirty-eight-year plea offer—of his maximum sentencing exposure at trial.[3] Patton did not exhaust this claim in state court. In state court, Patton claimed that his trial counsel entirely failed to inform him of the thirty-eight-year plea offer: "her exact words [were that] the offer was in the Double Digits (without Precisely Disclosing 38 years)."[4] Patton's state petition also stated that "Counsel grossly Mischaracterized or Misinformed Probable Sentence on Guilty Plea offer." But the state habeas petition did not

---

[2] As a result of our determination that these claims were not exhausted in state court, we do not need to reach the State's alternate grounds for affirmance—including "whether there is any reasonable argument that" counsel rendered adequate assistance or petitioner "fell short" of showing actual prejudice. *Harrington v. Richter*, 562 U.S. 86, 105, 112 (2011).

[3] Patton's opening brief is somewhat vague, but his reply brief is clearer.

> Patton had earlier turned down a plea offer of 38 years, as his counsel had not advised him of his sentencing exposure *should he go to trial*.

> \*\*\*

> Patton exhausted his claim regarding counsel's failure to advise him of his sentencing exposure *should he reject the 38-year plea offer and go to trial . . . .*

[4] Patton even attached to his state court petition the trial court record stating that he "REJECT[ed] THE PEOPLE'S 38 YEAR STATE PRISON OFFER" with his handwritten annotation: "My Attorney never told me about this."

5

sufficiently advise the California Supreme Court of the factual basis for any ineffective assistance claim based on counsel's supposed failure to inform Patton of the maximum sentence he faced *were he convicted at trial*.

Patton also claims that trial counsel was ineffective for failing to call witnesses who could have supported the requested alternative instruction on attempted voluntary manslaughter. This claim was not presented in any petition to the California Supreme Court. The mere mention that his trial counsel did not present witnesses—buried in a long explanation of facts to support an entirely different claim in his seventh petition—did not suffice to put the state court on notice of the ineffective assistance claim he was trying to make.

**AFFIRMED.**