**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

KEVIN A. BROWN,

              Petitioner-Appellant,

v.

JIM ROBERTSON,

              Respondent-Appellee.

</td><td>

No.   21-16712

D.C. No.
2:20-cv-00991-KJM-DB

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted April 8, 2024[**]
San Francisco, California

Before: PAEZ and SUNG, Circuit Judges, and FITZWATER,[***] District Judge.

Petitioner-Appellant Kevin A. Brown ("Brown"), proceeding *pro se*, appeals

the district court's judgment denying his mixed petition for habeas corpus relief under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and under 28 U.S.C. §§ 2253(a), (c)(1)(A) based on a certificate of appealability granted by a panel of this court on the following issues: "whether the state trial court violated appellant's constitutional rights when it denied his pretrial request for self-representation under *Faretta v. California*, 422 U.S. 806 (1975), including whether this claim has been properly exhausted. *See* 28 U.S.C. § 2253(c)(3); *see also* 9th Cir. R. 22-1(e)."

We DISMISS the appeal because Brown concedes that he raised his pretrial *Faretta* claim for the first time in federal district court. *See* 28 U.S.C. § 2254(b)(1)(A). Therefore, his *Faretta* claim is unexhausted unless an exception to exhaustion applies or the failure to exhaust was excused. *See* 28 U.S.C. § 2254(b)(1)(B). We REMAND this matter to the district court for further proceedings, including consideration of the exhaustion issues and whether to issue a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). *See, e.g.*, *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007) (approving three-step stay-and-abeyance procedure in the district court as a solution for mixed petitions).

**DISMISSED and REMANDED**.